*845 DeMOSS, Circuit Judge,
specially concurring:
I concur in the result reached by the majority opinion. This is a close case involving conflict between two very real and legitimate interests: (1) the interest of the citizen to be free from unreasonable searches and seizures, and (2) the interests of the police officer to be secure in his personal safety and to prevent harm to others. When those two interests come into conflict at 2 a.m. outside of a bar, I think common sense and prudence say that we give preference to the safety interest of the police officer. At that hour of the night, the overwhelming majority of law-abiding citizens are at home in bed. Michel-letti was obviously not at home in bed, and the events of this encounter showed he was not law-abiding, for he was carrying a pistol in violation of the laws of the State of Texas. The dissent contends that Officer Perry had no reasonable ground to believe that Michel-letti had a gun in his pocket, and that we therefore cannot let the fact that Michelletti was not a law-abiding citizen color our determination. But when Michelletti unexpectedly appeared on the scene, Officer Perry had only a matter of seconds to assess the significance of that turn of events, and I believe what struck Officer Perry as most significant was the fact that Michelletti had his right hand in his pocket. I doubt seriously that Officer Perry gave any consideration during those few seconds of time to the intricacies of the Texas Alcoholic Beverage Code, nor did he remember the death of a fellow officer in the line of duty. To that extent, some of the language in the majority opinion strikes me simply as ex post facto rationalization. But with the intuition born of experience, Officer Perry sensed danger, and the actions which Officer Perry took then were those most reasonable and appropriate to “neutralize the threat of physical harm” to himself, his fellow officer and the other individuals who were the subjects of their original investigation. Just as in baseball, we give a tie to the runner, and in football, we give a simultaneous catch to the receiver, I think in this ease the close call goes in favor of the reasonableness of Officer Perry’s actions.